May Term,
1851.

BROWN
v.
KING.

BROWN and Others *v.* KING and Another.

The statute gives the clerk authority to grant letters of administration in vacation when the right to administration is not controverted.

The Court is bound to ratify the clerk's appointment, unless some valid objection be made against it.

The clerk reported to the *Ohio* Probate Court that he had, in vacation, granted to *A.*, *B.*, and *C.*, letters of administration, &c.; that said administrators had given bond, &c., according to law. The administrators then moved the Court to confirm said appointment and produced an account in favor of *A.*, sworn to, amounting to 762 dollars. They also produced a written notice to the clerk signed by *A.*, stating that she should claim the appointment of administratrix as the largest creditor, and that she desired *B.* and *C.* to be associated with her in the administration, which notice was filed by the clerk. *D.* objected to the confirmation of said report, and moved for the appointment of himself and *E.*, and introduced a notice to the clerk stating that he was a creditor of the estate, and should, as soon as the law permitted, apply for letters. He also produced an account in his favor for 265 dollars, and one in favor of *F.* for 236 dollars. *F.* renounced any right he might have to the administration in favor of *D.* and *E.* The Court declared the clerk's appointment void and appointed *E.* and *L. Held,* that these facts do not show that the right to administration was controverted before the clerk. *Held,* also, that *A.*, being the largest creditor, was entitled to the administration. *Held,* also, that the clerk was authorized to join *B.* and *C.* with *A.* in the appointment.

*Wednesday,*
*May 28.*

ERROR to the *Ohio* Probate Court.

BLACKFORD, J.—At the *February* term, 1840, of the Probate Court in *Ohio* county, the clerk of the Court reported that he had, in vacation, on the 30th of *January*, 1850, granted to *Jerusha Brown, Daniel Tapley,* and *Hazlett E. Dodd,* letters of administration upon the estate of *John M. Daniels,* deceased, who died intestate, and that said administrators had given separate bonds with sureties for the discharge of their duties, and had taken and subscribed the oath required by law.

The letters of administration, the bonds, and the oath, are set out in said report, and appear to be in proper form.

The administrators, thereupon, moved the Court to confirm said appointment, and produced an account in favor of said *Jerusha Brown* against the estate of the deceased, amounting to 762 dollars. This amount appear-

ed to have been sworn to by said *Jerusha* on the 25th of *January*, 1850.

The administrators also produced a written notice to the clerk signed by said *Jerusha*, stating that she should claim the appointment of administratrix, as the largest creditor of the estate, and that she desired *Daniel Tapley* and *Hazlett E. Dodd* to be associated with her in the administration. This notice was dated on the 25th of *January*, 1850, and appeared to have been filed by the clerk on the same day.

The confirmation of said report was objected to by *John F. King;* who, at the same time, moved for the appointment of himself and one *Thomas Summers* as administrators of said estate.

*King* introduced a written notice given by himself to said clerk, stating that he was a creditor of the estate, and should, as soon as the law permitted, apply for letters of administration. This notice is dated *January* 17th, 1850, and was filed on the same day by the clerk. *King*, also, on making his motion, presented an account in his own favor for 265 dollars and 70 cents against said estate, and also an account of one *Williams* against said estate for 236 dollars and 79 cents; which accounts were sworn to on the 4th of *February*, 1850. *Williams* renounced any right he might have to the administration to *Summers* and *King*.

The administrators then produced an account of one *E. G. Brown* against said estate for 149 dollars and 35 cents, which account appeared to have been sworn to on the 4th of *February*, 1850.

The above was all the evidence in the cause.

The Probate Court declared the clerk's appointment of administrators to be void, and appointed *T. Kimpton* and *L. North*, administrators.

It is contended that the right to administration was controverted before the clerk, and that, therefore, he had no authority to act in the case. The statute gives the clerk authority to grant letters of administration in vaca-

tion, when the right to administration is not controverted. R. S. 506. It was shown that *King* gave notice to the clerk, on the 17th of *January*, 1850, that he, *King*, was a creditor of the estate, and that he should, as soon as the law permitted, apply for letters of administration. But it does not appear that he ever applied to the clerk for letters, or showed him, by an account verified according to the statute, that he, *King*, was a creditor of the estate. It cannot be said, therefore, that the right to administration was controverted before the clerk.

It is also contended that it was entirely discretionary with the Probate Court, to ratify or set aside the clerk's appointment. But the law is not so. The statute says that the Probate Court, *for any good cause shown,* may supersede the letters of administration granted by the clerk; but that if no valid objection appears to his grant, the same shall be ratified by the Court. R. S. p. 507. It is clear, therefore, that the Court is bound, in such cases, to ratify the clerk's appointment, unless some valid objection be made against it.

Where there is no widow or next of kin (and there does not appear to have been any in this case); the largest creditor in the state may claim letters of administration. R. S. p. 503. In the case before us, the clerk's appointment rests on the ground that Mrs. *Brown* was the largest creditor, and that she desired *Tapley* and *Dodd* to be associated with her in the administration. To impeach that appointment, the accounts of *King* and *Williams* against the estate were given in evidence. But if their accounts, properly verified, had been before the clerk when Mrs. *Brown's* application was made, they would not have affected her right to the appointment; she being the largest creditor. It is true that *Tapley* and *Dodd*, two of the administrators, were not creditors; but that makes no difference. Mrs. *Brown* requested that those persons should be associated with her in the administration, and the clerk was therefore authorized to join them with her in the appointment. R. S. p. 504.

We are, for these reasons, of opinion that the Probate Court erred in setting aside the clerk's appointment of administrators, and appointing others.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with instructions to the Court to ratify the clerk's appointment. Costs here.

*D. Kelso*, for the appellants.

*J. Morrison* and *S. A. Major*, for the appellees.