HAYS ET AL. *v.* VICKERY.

WILL.—*Executor Named Acting by Consent Without Qualifying.*—Where a will has been duly probated, and one of the heirs, legatees, or devisees under the will named therein as executor, has by mutual consent and understanding of all the persons interested in the estate as such heirs, legatees, or devisees, acted as such executor and proceeded to make distribution of the personal property, without qualifying as executor, the husbands of a part of the heirs cannot, without notice to the person so acting as executor, on application to the clerk, have a stranger appointed as administrator with the will annexed, after the time for the person named as executor in the will to qualify has expired. The heirs having consented that the person named as executor should act without qualifying, it would be a fraud on him and the other heirs, legatees, and devisees to assert that he had waived his right by not qualifying within the time limited by statute.

APPEAL from the Hendricks Common Pleas.

OSBORN, C. J.—The appellants are legatees and devisees under the will of John Hays, deceased, and the appellee is the administrator, with the will annexed, of the estate of said Hays.

The record and finding of the court show the following state of facts:

On the 2d day of February, 1870, Hays executed his last will and testament. On the 6th day of March, 1871, he died testate. On the 11th of the last named month, the

will was admitted to probate by the clerk of the Hendricks Court of Common Pleas.   All of the appellants are heirs, devisees, and legatees of the testator.   Catharine is his widow, and John H. was named in the will as executor. After the probate of the will, there was a common understanding among the parties interested in the estate, the heirs, devisees, and legatees, that the estate should be settled among themselves without letters testamentary or of administration; and with that understanding, John, who was named in the will as executor, undertook to settle the estate without letters, sold personal property, and made distribution among the legatees, with the knowledge of all, and without objection from any of them.

Afterward, two of the married daughters of the testator, becoming dissatisfied with the manner in which the business was conducted, without consultation with the other legatees, and without notice to John, or either of the other devisees or legatees, of any dissatisfaction or objection to the settlement of the estate by John without letters testamentary, on the petition of their husbands, procured the clerk of the Hendricks Common Pleas, in vacation, to issue letters of administration, with the will annexed, to the appellee, without the knowledge or assent of the appellants, or either of them, or any of the other devisees, legatees, or heirs. Vickery, the appellee, is neither a creditor nor legatee under the will.   Neither of the appellants relinquished, waived, or abandoned any right to administer upon the estate, otherwise than by failing to qualify by the common understanding and consent of all parties interested.   And as between the parties to the agreement, John H. will not be deemed to have waived his rights to administration.

On the first day of the first court, after the issuing of letters to the appellee, the appellants appeared and objected to the confirmation, and asked that letters testamentary should issue to John H.   The objections and requests were overruled, and the court confirmed the letters of administration issued to the appellee and his appointment as administrator.

The appellee claims that inasmuch as none of the parties entitled to letters applied for them within the time limited by the statute, they abandoned and forfeited the right to them, as against any one to whom the clerk of the court should thereafter issue letters, and all right to object to the confirmation of such letters and appointment, except for incompetency or an insufficient bond. In support of that position, he refers us to *Mills* v. *Carter*, 8 Blackf. 203. In that case, Carter took out letters of administration within thirty days after the death of the intestate. At the next term of the court, Mrs. Mills, who was the widow of the decedent, objected to the confirmation of the letters issued by the clerk in vacation, and gave as a reason for not applying for letters within the thirty days, that she supposed she was bound by the previous grant to Carter. It was held that her objection ought to have been sustained, and that she had not, by her delay, abandoned or lost her right to administration.

We are also referred to *Brown* v. *King*, 2 Ind. 520. The court in that case held that if no valid objection appears to the grant of letters by the clerk, the same shall be ratified.

John H. Hays, the person named in the will as executor, by the agreement of all the heirs, devisees, and legatees, had acted as executor without taking out letters testamentary; and whilst he was thus acting, the appellee, on the petition of the husbands of the two daughters of the testator, procured himself to be appointed administrator, without the knowledge or consent of the executor or any other devisee or legatee. At the first moment that it could be done, John H. appeared and objected to the confirmation of the letters to the appellee, and asked that letters testamentary should be granted and issued to him. The other devisees and legatees united with him in such objection and request.

The objections ought to have been sustained, and the petition, or request, for the appointment of John H. Hays granted. The delay in taking out letters and failure to qualify as executor was by mutual arrangement, and was not, under the circumstances, an abandonment or waiver of

the rights of John H., and did not entitle the appellee to take out the letters granted to him. In procuring them, an undue advantage was taken of the executor and the appellants.

If the daughters, or their husbands, were not satisfied with the understanding that the executor should act as such without taking out letters, good faith required that they should give notice of it before proceeding to procure letters of administration to some one else. Having acquiesced in his acting without qualifying as executor, and having induced him to delay taking out letters until after the time fixed by law, it was a fraud upon him and the appellants to undertake to deprive him of his rights without notice.

The judgment of the said Hendricks Common Pleas is reversed, with costs against the appellee; cause remanded, with instructions to sustain the objection filed by the appellants, and to grant letters testamentary to the said John H. Hays, upon his filing a proper bond, etc.

*W. A. McKenzie, J. V. Hadley,* and *J. S. Ogden,* for appellants.

*L. M. Campbell,* for appellee.