# Powers *v.* Mayor and Council of Decatur.

### *Assumpsit on Note or Due Bill.*

1. *Demurrer; should not be put in bill of exceptions.*—It is not necessary to incorporate the demurrer in the bill of exceptions, to revise the action of the court below upon it. Such practice unnecessarily cumbers the record, and is to be discouraged.

2. *Municipal corporation; how sues.*—Municipal corporations must sue in the corporate name conferred by the charter, and not otherwise.

3. *Same; may take note for price of license.*—A municipal corporation having general power to contract, and be contracted with, in reference to municipal affairs, and being expressly authorized "to provide for licensing and regulating retailers of liquors within its limits, and to fix the sum to be paid" therefor, may take a note for the price of a license, instead of requiring cash, and on failure to pay the note, may maintain *assumpsit* against the maker.

4. *Costs; security for.*—The mayor of a municipal corporation is not, on that account, an insufficient surety for costs of a suit brought by the corporation.

APPEAL from Circuit Court of Morgan.

Tried before Hon. JAS. S. CLARK.

The complaint in this case was as follows:

| The Mayor and Council of the Town of Decatur, *vs.* James N. Power. | The plaintiffs claim of the defendant seventy dollars, due by his due bill, made by him on the 6th day of |

April, 1872, due and payable to them, and plaintiffs, who are a corporation chartered by the laws of Alabama, and doing business in said State, claim of the defendant the further sum of seventy dollars, due upon an instrument of writing, in words and figures as follows, to-wit:

"$70.   Due the mayor and council of the town of Decatur, seventy dollars.

April 6th, 1872.                              J. N. POWERS."

And plaintiff says that said sum of money is due, &c.

The bill of exceptions then states, that the defendant then demurred to the complaint, and for causes of demurrer assigned the following:   1st.   The names of the persons composing said "mayor and council of the town of Decatur" are not set out in the complaint.   2d.   That the complaint shows on its face that there is no person plaintiff on the record; and in whose favor judgment could be rendered.   The court overruled the demurrer, and "the defendant excepted."

The bill of exceptions further states that defendant, Powers, moved to dismiss the suit for want of security for costs, which motion the court overruled, and he excepted. The record contains no reference to the security for costs, except the recital "that H. E. Willard was mayor of the town of Decatur at the time said suit was brought, and thereupon the defendant moved the court to dismiss the suit for want of security for costs."

It was shown that the plaintiffs' demand was for the price of a license for retailing spirituous liquors, which sum was assessed against Powers by the mayor and council of the town of Decatur, and that the writing sued on was executed to pay for his license.   The defendant asked the court to charge the jury that the mayor and council of Decatur had no authority to take said note in payment of the license; that the note was illegal and void, and if the jury believed the evidence they must find for the defendant.   The court refused to give these charges, or either of them, and defendant duly excepted.

W. P. CHITWOOD, for appellant.—Rev. Code, § 2854, requires all corporations to give security for costs—and municipal corporations are within this rule.

The complaint fails to show what persons composed the mayor and council of the town of Decatur.   Why does not the same rule apply here as in the case of partnerships?— *Otez v. Jewitt & Co.*, 23 Ala. 662.

The corporation could only exercise the powers granted to it by the legislature, and had no power to loan the funds of the corporation, by taking a note for the price of license.— *Grand Lodge of Alabama v. Waddell*, 36 Ala. 313; *Penn. R. R. Co. v. Canal Com'rs*, 21 Penn. 9; *Richmond R. R. Co. v. Louis'a R. R. Co.*, 18 How. 81; 19 Wallace, 468.

S. P. RATHER, *contra.*—The corporation of the town of

Decatur had the right to take a note in payment of a license. It had the right to impose upon the appellant a liquor license, and has a right to use all the powers necessary to carry into effect the powers expressly granted.—31 Ala. 443.

MANNING, J.—A demurrer should appear in the record as a part of the pleading in a cause; and a judgment over-ruling or sustaining the demurrer ought, as a matter of course, also to appear by the record; thereupon error might be assigned, without a bill of exceptions, the suit having proceeded to a final judgment. The demurrer and judgment thereon, or a recital of them, ought not to be incorporated, as in this cause it is, in the bill of exceptions. Such a practice encumbers the record and increases costs.

The objection by demurrer to the complaint was, that it did not set forth the names of the individuals who filled the offices of mayor and councilmen of the town of Decatur. The plaintiff below (appellee in this court,) being created by statute a corporation, is in contemplation of law a person; and like a natural person, may sue and be sued in its proper name. And its suit, in this instance, was correctly brought in the name conferred upon it by its charter of incorporation. The officials in this municipal body were not the individuals who composed it. It embraced the whole community of citizens. The demurrer was, therefore, properly overruled.

It is assigned as error, that the plaintiff below was allowed to maintain its suit upon a due bill made by defendant to it, for a license to retail spirituous and other liquors in the town. The ground assumed is that the due bill was void as *ultra vires*, not within the capacity of the plaintiff to accept it.

The municipal authorities are expressly empowered by the charter " to provide for licensing and regulating retailers of liquors within the limits of said corporation, and to fix the sum to be paid for the same." It is not pretended that a license was not granted to appellant, or that the sum for which he gave his due bill was not the amount fixed by the proper officials therefor. The objection is that instead of requiring the cash from him, they accepted his acknowledgement that he owed the money and promised to pay it on demand.

It is said in Dillon on Municipal Corporations (§ 656,) in respect to taxation: " If the charter gives the power to impose taxes, but is *silent respecting the method of their recovery*, the corporation may enforce them, or provide by ordinance for their enforcement by due course of judicial proceedings. In such case the authority to collect by suit is clearly im-

plied, being necessary to make the power to tax available."
"In some of the States the view is taken that a tax legally
levied and assessed, by a municipal corporation, pursuant to
its charter, creates a legal obligation to pay such tax, and
that the city can recover it in an action of *assumpsit*, and this,
although there may be a summary mode of recovery pro-
vided for in the ordinance."—Ib. § 655; *Ryan v. County*, 14
Ill. 83; *Mayor v. McKee*, 2 Yerger, 167; *Dugan v. Balti-
more*, 1 Gil. & J. 99.

In some other States this doctrine is not accepted.—*Cam-
den v. Allen*, 2 Dutch. 398; *Pierce v. Boston*, 3 Metc. 520;
*Lane Co. v. Oregon*, 7 Wall. 71.

But there is certainly much more of the nature of an
agreement on which an action *ex contractu* would lie, in the
transaction of voluntarily taking a license to retail liquors,
at a known fixed price assessed therefor, than there is in the
one-sided proceeding of assessing a tax *in invitum*. And the
acceptance of evidence from the licensee in writing of his
agreement to pay the money would certainly enable the cor-
poration to maintain an action for it. We do not admit that
the indulgence granted by the city authorities, in not exact-
ing the money before issuing the license, or the failure of
the licensee then to pay it, should work a forfeiture of the
license money, any more than to exact, or to pay moneys
due as taxes proper, should preclude the corporation from
afterwards collecting them.

The money was due to the corporation; it had the general
power to contract and be contracted with in reference to
matters of concern to itself; it consented to grant defendant
indulgence in paying the money, on his executing to it a
promise to pay it when demanded. And the law cannot
allow him, upon such pretenses, to avoid his just responsi-
bility.

Upon application for a rehearing in this cause: It ap-
pears by the bill of exceptions that "it was shown to the
court that H. E. Willard was mayor of the town of Decatur
at the time said suit was brought, and *thereupon* the defend-
ant moved the court to dismiss said suit for want of security
for costs, which motion the court overruled, and defendant
excepted." Overlooking the particularity in this recital, to
which our attention was not called, and observing that there
was no instrument set forth in the record by which any
security for the costs was provided, we supposed, when this
cause first came before us, that it was admitted that no
security for costs was in fact given, and that only the ques-
tion of law whether a municipal corporation must give such
security in a suit brought by it was intended to be presented;

as to which,—see Rev. Code, § 2804, and *Wharf Co. v. Tuskaloosa*, 38 Ala. R. 514.

But it seems that the exception taken is, that Willard being the mayor of Decatur, should not have been accepted as the surety of that town for the costs; a proposition that cannot be sustained. There is nothing to hinder Willard as an individual from being a proper surety for the costs of a suit brought by the town of·which he happens to be an official; and the objection to him as such, on that ground, was properly overruled by the circuit court.

Security for costs is not required to be given in such a manner as that it must necessarily constitute a part of the record of the suit to which it refers, upon an appeal therein to this court. The law provides only that it "must be lodged with the clerk."—R. C. § 2804; see, also, § 2937.

In *Barton v. McKinney's Adm'rs*, (3 Stew. & Port. 274), a bond was filed by which the obligors became bound for the payment of the costs in the suit described in it; and it was held that such bond must be set forth as a part of the record in a proceeding for judgment against them (the sureties) for the costs.—See, also, *Reid v. Brashier*, 7 Port. 448.

But in the former of these cases, it was also said : "The manner in which a surety shall bind himself for the costs is not prescribed. . . . . I can perceive no objection to the security giving bond. . . . . It certainly is not the only way in which he may bind himself; during term time it may be done, and probably most conveniently in the form of a recognizance or simple acknowledgement of his suretyship on the record. But the act of 1807 evidently contemplates the giving security in the recess, as well as in term time; . . . . and in a case of this kind, there could be no better mode devised, nor probably so good a one as by bond."

So, in the cause before us, the· security may have been given by a bond filed, and in as much as it does not appear that security for the costs was not given, but rather impliedly that Willard, the mayor, had become surety for them, we cannot hold that the court erred in overruling the motion to dismiss.

Judgment of reversal heretofore rendered is set aside, and the judgment of the court below is affirmed.