MARQUIS D. L. MOWRY, Appellant, *vs.* DANIEL W. LATHAM, Appellee.

A., as a person *non compos mentis*, was placed under guardianship by a decree of a probate court; the guardian never exercised any control over the person or estate of the ward, who conducted his own business and accumulated some property. The guardian died and no new guardian was appointed, but the Probate Court decree was never modified.

*Held*, that the ward was capable of choosing his domicile, and that the domicile chosen by him was his legal domicile.

Administration of an intestate's estate should usually be granted to those entitled to the residue of the estate. When the person entitled to the residue is under guardianship, administration should usually be granted to the guardian in preference to others.

APPEAL from the Probate Court of the town of Smithfield.

*August* 1, 1891. MATTESON, C. J. This is an appeal from a decree of the Court of Probate of Smithfield by which the appellee, Daniel W. Latham, was appointed administrator on the estate of Van Buren Mowry, deceased. The grounds of appeal are, *first*, that the court had no jurisdiction to make the appointment because the deceased was not a domiciled inhabitant of the town of Smithfield, and, *second*, that the appellee was not a person entitled to the appointment.

On the part of the appellant, testimony was submitted that the domicile of the father and grandfather of the deceased, and the original domicile of the deceased, were in that part of the town of Smithfield embraced within the present town of North Smithfield; that the deceased was a bachelor, and the owner at his death of his homestead estate, being the farm which had belonged to his father in his lifetime, in that town, in the house upon which he had always retained a room for his own use, and as a place of abode, when not away at work; that he was in the habit of visiting and occupying this room from time to time; that a considerable number of years prior to his death, and while unquestionably he was a domiciled resident of North Smithfield, or of that part of Smithfield now constituting that town, he had been placed under guardianship as a person *non compos mentis*, and that such guardianship had never been dissolved or annulled by decree of court. The appellant contends that upon these facts the deceased should have been regarded as a domiciled inhabitant of North Smithfield,

and not of Smithfield. The testimony, however, on the part of the appellee shows that, for nearly eight years next preceding his death, the deceased had actually lived in Smithfield in the family of the appellee ; that he frequently spoke of his residence with the appellee as his home ; that for several years next prior to his death he had at his own request been taxed and had paid taxes upon his personal estate in that town ; that the room reserved by him in the house upon his homestead estate was used by him, not so much as a place of abode, as for the storage of the furniture which had belonged to his mother in her lifetime, and other articles which he did not wish to, or could not conveniently, keep with him while working out by the month as a farm hand ; and that for several years next preceding his death he had spent but little time at this room, visiting it only on Sundays for a few hours at a time, and on a few occasions, at considerable intervals, passing a night there. The place where a person lives is presumptively his domicile. *Anderson* v. *Watt*, 138 U. S. 694, 706 ; *Mitchell* v. *United States*, 21 Wall. 350, 352 ; *Desmare* v. *United States*, 93 U. S. 605, 609 ; *Shelton* v. *Tiffin*, 6 How. U. S. 163 ; *Ennis* v. *Smith*, 14 How. U. S. 400 ; and we are of the opinion that a preponderance of the evidence favors the view that the domicile of the deceased was in Smithfield, and not in North Smithfield.

The appellant, however, further contends that inasmuch as the deceased had been placed under guardianship, and that relation had never been determined by decree of court, he was thereby rendered incapable of acquiring a new domicile, and therefore that his domicile continued to be his domicile of origin, which was in North Smithfield. It does not appear that the guardian ever exercised any control over his ward, either by appointing his place of residence or by interfering with the management of his affairs ; but, on the contrary, it does appear that for a number of years, at least, prior to his death, the intestate had made contracts and transacted business as any person not under guardianship, and that, too, both before and after the death of the guardian, which occurred several years prior to his own ; and that, after the death of the guardian, no new guardian was appointed ; and it also further appears that he had by his industry and prudence accumulated personal estate to a considerable amount. We think

it is evident that he was not so devoid of understanding as to be incapable of changing his domicile, and we do not think that the mere appointment of a guardian, who has never exercised any control over the person or estate of his ward, would prevent the ward, if of sufficient mental capacity, from changing his domicile. It is quite possible that the guardian, being entitled to the custody of his ward, had he seen fit, might have designated the place of abode and domicile of his ward, at least, within the limits of the State; that, however, is a question which is not before us, and one upon which it is not necessary to express an opinion. Our conclusion is, that the Court of Probate of Smithfield had jurisdiction to appoint an administrator upon the estate of the deceased.

We do not think, however, that the appellee was entitled to the appointment. In *Johnson* v. *Johnson*, 15 R. I. 109, it is shown that the law commits the administration of the estate of an intestate to the persons who are entitled to the residue of the estate; judging that such persons, because of their interest, will be likely to administer the estate most advantageously for all concerned. Under our statute the next of kin is entitled to the residue of the estate after payment of debts, funeral expenses, and expenses of administration. The next of kin of the deceased is Edwin H. Mowry, his brother. If competent, he would be entitled to the administration. He is, however, *non compos mentis*, and incapable of performing its duties. The appellant has been appointed guardian of his person and estate. As such, it is his duty to manage and care for the property of his ward for the benefit of the ward. We are, therefore, of the opinion, that as Edwin H. Mowry, if competent, would be entitled to the administration, his representative appointed by law to guard his interests is entitled to the administration in preference to a person who would have been of the next of kin had Edwin H. Mowry died before his brother, and, *à fortiori*, in preference to a stranger nominated by such person.

*Ordered, that the decree of the Probate Court appointing Daniel W. Latham administrator of the estate of Van Buren Mowry be reversed, and that the Probate Court is directed to appoint the said Marquis D. L. Mowry, if a suitable person.*

Marquis D. L. Mowry, pro se ipso.

Stephen A. Cooke, Jun., & Louis L. Angell, for appellee.