## KINNICK *v.* COY ET AL.

[Nos. 6,408, 6,409. Filed May 1, 1907. Opinion ordered certified down May 14, 1907.]

1. DECEDENTS' ESTATES.—*Executors and Administrators.—Appointment.*—Where no widow, next of kin, nor largest creditor residing in the State, applies for letters of administration upon a decedent's estate, as provided by §2380 Burns 1901, Acts 1901, p. 281, the clerk of the circuit court is confined in making such appointment to the residents of the county. p. 141.

2. SAME.—*Executors and Administrators.—Appointment.—Revocation.*—Under §2398 Burns 1901, §2243 R. S. 1881, the clerk's ap-

pointment of an administrator in vacation must be certified to the judge, who, upon cause shown, may revoke such appointment and appoint another; but such power cannot be arbitrarily used, the statute being mandatory. p. 141.

?. GUARDIAN AND WARD.—*Executors and Administrators.—Decedents' Estates.*—A guardian, whose ward, if of age, would be entitled to letters of administration upon a decedent's estate, is entitled, in the right of such ward, to such letters. p. 142.

4. SAME.—*Executors and Administrators.—Decedents' Estates.— Settlements.*—A guardian, who is also the administrator of the estate of a decedent in whose estate his ward is interested, cannot conclusively bind such ward in his settlement, as administrator, with himself, as guardian. p. 143.

From Jennings Circuit Court; *Francis M. Thompson,* Judge.

Objections by Margaret W. Coy and others to the appointment of Benjamin F. Kinnick as administrator of the estate of Harvey R. Weeks, deceased. From an order setting aside such appointment and appointing another, said Kinnick appeals. *Reversed.*

*Batchelor & Son* and *Howe & Batchelor,* for appellant.

*Bernard Korbly, Willard New* and *Burt New,* for appellees.

RABB, J.—Harvey R. Weeks, a resident of Jennings county, died intestate. He left surviving him as his sole heirs at law the appellees Margaret W. Coy and Mary B. Hole, his daughters, both of whom are adults and nonresidents of the State, and his grandson, William H. Kinnick, an infant, the son of the intestate's deceased daughter and the appellant, Benjamin F. Kinnick, who resided with his father in Johnson county, in this State. Within twenty days after the death of the intestate Benjamin F. Kinnick filed an application with the clerk of the Jennings Circuit Court, in vacation, for appointment as administrator of the estate of said intestate, showing in his application that he was a resident of Johnson county, and was the guardian of said William H. Kinnick, grandson and heir of the intestate. Upon the application of the appellant, and upon his giving

bond as required by law, the clerk issued letters of administration to him, and he duly qualified as administrator of the estate of said intestate. Upon the convening of the Jennings Circuit Court the appellees Margaret W. Coy and Mary H. Hole appeared in court and objected to the confirmation of the letters of administration thus granted by the clerk upon the estate of their father, upon the ground that the appellant was a nonresident of Jennings county. Thereupon the court refused to confirm said letters, set aside the appointment so made by the clerk, revoked the letters granted to him, and appointed the appellee James H. Green, a resident of Jennings county, as the administrator of said estate, to all of which appellant excepted. This action of the court presents the only question in the case.

The statute governing the settlement of decedents' estates (§2380 Burns 1901, Acts 1901, p. 281), provides that, for the purpose of appointing and qualifying executors and administrators of decedents' estates, the clerk shall keep the court open during vacation, and make such appointments. The express terms of the statute limit the clerk in making appointments to residents of the county, where none entitled by law to the administration of an estate apply for letters within the period prescribed for that purpose by the statute. Letters must, however, be granted to those whom the statute declares entitled thereto—the widow, the next of kin, the largest creditor, if he be a resident of the State—regardless of the question as to whether they are residents of the county or not. The appellant's ward, if of age, would clearly have been entitled to letters of administration upon this estate upon duly qualifying, though not a resident of Jennings county. The statute also provides (§2398 Burns 1901, §2243 R. S. 1881), that, upon the convening of court, it shall approve and confirm the letters of administration granted by the clerk in vacation, unless, for good cause shown, they shall be revoked. This provision of the

statute is mandatory, and the court has no authority arbitrarily to revoke the letters granted by the clerk. *Brown* v. *King* (1851), 2 Ind. 520; *Barricklow* v. *Stewart* (1903), 31 Ind. App. 446; *Bowen* v. *Stewart* (1891), 128 Ind. 507. .

The only question we feel it necessary to determine in this case is whether the appellant is entitled to administer upon this estate as a matter of right, on account of his relationship as guardian of the minor heir. If he is so entitled, then the fact that he is a nonresident of the county would not deprive him of that right. If he is entitled, as the representative of his ward, to administer, he would stand in precisely the same position as his ward with reference to the right to administer, and this would not require that he should be a resident of the county. The statute of this State does not expressly declare that a guardian shall be entitled to administer upon the estate of a decedent in right of his ward. He is, however, recognized as the representative of his ward. It is his duty to care for the ward's estate, and to look after the ward's interest in every matter pertaining to his financial interest. The statute fixing the order of right to administer upon the estate of a decedent is founded upon the proposition that the heirs and the creditors are interested in the estate, and that it is in one sense their property that is to be administered upon. The heirs, after the debts are paid, own the property of the intestate; it is theirs. The creditors own the property of the estate to the extent that it shall be used to pay the debts, and this is the reason of the statute's giving to those persons a preference in the administration. It is the rule at common law that the trustee or guardian of an infant or *non compos*, who would otherwise be entitled to administer upon an estate, was entitled to administer in the right of his ward or *cestui que trust*, and in every case in which the question has arisen it is uniformly held that the guardian of an infant, who, if of age, would be entitled to administer upon an estate, is entitled as of right to such administration.

The question has never heretofore arisen in this State, but we feel impelled to hold, in unison with the current of authorities upon the question, that in this State, the guardian of an infant who, if of age, would be entitled to administer, is in right of his ward entitled to letters of administration in preference to strangers; and that he stands, so far as the question of his right to administer upon the estate is concerned, in the shoes of his ward, and to that extent represents his ward. This holding is in line with the following authorities: *Mowry* v. *Latham* (1892), 17 R. I. 480, 23 Atl. 13; *Boyd* v. *Cloud* (1905), 5 Pennewill (Del.) 479, 62 Atl. 294; *Woodruff* v. *Snoover* (1900), (N. J.), 45 Atl. 980; *Langan* v. *Bowman* (1849), 20 Miss. 715.

We are cited, in behalf of appellees, to the case of *State, ex rel.,* v. *Burkam* (1899), 23 Ind. App. 271, as an authority against the appellant's right, as the representative of his ward, to administer upon the estate. The proposition in that case was whether the administrator of an estate, who was also the guardian of the minor heir, could bind his ward by a settlement with himself, and the court very properly held that he could not do so; that, in making a settlement as with himself as administrator, he could not bind his ward, and that in such settlement he would not represent his ward. We think this is undoubtedly true, but it does not follow that because in settlement with himself as administrator, or with himself as guardian, he would not bind his ward, that in a contest with some third person, where the interest of his ward was involved, he might not represent his ward. Here the question is: Is the appellant, as the representative of his ward, entitled to the administration of this estate as between himself and those who have no interest in the property to be administered? We think, under the authorities cited, that this question must be decided in favor of the guardian, and that as between himself and those who are not heirs or creditors of the estate, and who represent no one who has an interest in the estate,

he is entitled to a preference in the right of his ward, and that he is entitled to the preference as a matter of right, and, such being the case, the court would have no power or authority to set aside his appointment because he was not a resident of Jennings county. We do not wish to be understood as holding that the court might not, upon its own motion, or the motion of any one interested in the estate, set aside and annul the appointment, made by the clerk in vacation, of one who had no legal right to administer upon the estate and who was a nonresident of the county.

Cause reversed, with instructions to the court below to annul the letters of administration granted to appellee Green and confirm the letters of administration granted to the appellant.