37 So.2d 193
## HOLLIS v. CRITTENDEN.
6 Div. 777.

Supreme Court of Alabama.
Oct. 21, 1948.

Bowers, Dixon & Dunn and Thos. F. McDowell, all of Birmingham, for appellant.

GARDNER, Chief Justice.

The appeal is from a decree sustaining demurrer to the petition of Agnes M. Hollis, as guardian of Myra Louise James, a minor, and dismissing the said petition. This was a final decree within the influence of section 775, as well as section 754, Title 7, Code 1940, and justifies the appeal. Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60.

The petition sought the removal of appellee Crittenden as administrator of the estate of William B. James, deceased, who died April 25, 1948. The petition states that on the day following the expiration of

Wayne H. Weaver, of Haleyville, for appellee.

322

the five days required by statute, Code 1940, Tit. 61, § 86, to elapse before an administrator may have been appointed, that is on Saturday, May 1, 1948, Willard Crittenden, a resident of Winston County, Alabama, of no relation and in no manner entitled to share in the distribution of the estate of the intestate, executed a petition to be appointed as administrator over the estate of intestate, which petition was filed in the Probate Court of Winston County on Monday, May 3, 1948, and on May 7, following, said Crittenden was duly appointed administrator of said estate by the Probate Court of Winston County. Though there was contained in the petition for Crittenden's letters of administration a relinquishment in his favor executed by two brothers and one sister of the intestate, yet there was no relinquishment or waiver on behalf of Myra Louise James, a minor, who is the sole heir and next of kin entitled to share in the distribution of the estate. Thereafter, on May 27, 1948, which, as observed, was within forty days of the death of the intestate, the petitioner, Agnes M. Hollis, as guardian for said minor Myra Louise James, filed her petition to remove said Crittenden as administrator on the ground that his appointment was premature, improper and improvident, and averring herself as such guardian a preferential right, in the interest of said minor, to be appointed administratrix of the estate of intestate by virtue of Title 61, § 81, Code 1940, and seeking her appointment as such administratrix.

But a preliminary question is presented. Counsel for appellee cites a number of our authorities to the effect that in order to review the ruling in the Probate Court exception must be reserved, and in the absence of such exception there is nothing here for consideration. The cited authorities are: Bivin v. Millsap, 238 Ala. 136, 189 So. 770; Russell v. McPherson, 202 Ala. 310, 80 So. 392; Taylor v. McElrath, 35 Ala. 330; Williams v. Gunter, 28 Ala 681; Smith's Distributees v. King, Adm'r, 22 Ala. 558; Gordon v. McLeod, 20 Ala. 242.

We have carefully read and examined each of these cases and without exception they presented questions of fact before the probate court. Illustrative is one of the older authorities (Williams v. Gunter, 28 Ala. 681) wherein the first head note expresses the rule as follows: "The appellate court will not revise any supposed error of the probate court in its decision upon facts, unless it was excepted to, or reserved in some other manner, in the primary court". And in Powers v. Mayor and Council of Town of Decatur, 54 Ala. 214, the court criticized the insertion of a demurrer in the bill of exceptions upon the theory that a demurrer should appear in the record proper as a part of the pleadings in a cause, and the ruling therein be reviewed without a bill of exceptions. This reasoning is applicable here where the whole matter is a part of the record proper and no exception was required. And we may add this conclusion is in harmony with the generally accepted rule elsewhere. 4 C.J.S., Appeal and Error, § 324, p. 662.

We, therefore, conclude that this preliminary point is not well taken, and we should proceed to a determination of the merits of the appeal.

It is well understood that in the enforcement of preferential right of administration there is left with the probate court no discretion if the person seeking such preferential right is a fit person. Loeb v. Callaway, 250 Ala. 524, 35 So.2d 198.

It is disclosed by the petition that appellee Crittenden is a total stranger to this estate; nor have the brothers and sister of the deceased, under the law, any right to administer the estate, and their relinquishment to that effect is ineffective. Myra Louise James is the next of kin, and she alone is entitled to share in the distribution of her father's estate. The first preference is to the husband or widow, and the second to the next of kin entitled to share in the distribution of the estate. Title 61, § 81, Code 1940. It is clear enough, therefore, that had Myra Louise James not been disqualified by virtue of her minority under Title 61, § 69, Code 1940, letters of administration duly applied for should have been granted to her as a matter of preferential right.

The sole question remaining, therefore, is whether or not this appellant, the

mother and custodian of this minor and the legally appointed guardian, should be allowed to exercise for the minor this preferential right. Alabama is a common law state.—Title 1, § 3, Code 1940. The authorities are abundant that it is the rule at common law that the guardian of an infant who would otherwise be entitled to administration of an estate was entitled to administer in the right of his ward, and that he is entitled to this as a matter of right. Numerous authorities holding to this effect are to be found cited in 21 Am.J. 416; 33 C.J.S., Executors and Administrators, § 37, p. 934, and in the note to Re Estate of Joseph A. Taylor, 135 A.L.R. 580. These authorities have been examined and we feel that a further discussion of their holding is here unnecessary. Suffice it to say they fully sustain the right of this guardian to be appointed administratrix of this estate in the assertion of the preferential right of the minor, next of kin and sole distributee thereof. Perhaps the Indiana decision in Re Week's Estate, 40 Ind.App. 139, 81 N.E. 107, is more nearly in point as to the present factual situation.

The proper course was pursued seeking the removal of Crittenden, the administrator, and the appointment of this guardian in his stead. Brown v. Brown, 204 Ala. 157, 85 So. 439.

As we have previously observed, this petition was filed promptly and within due time. Starlin v. Love, 237 Ala. 38, 185 So. 380.

We have not overlooked the argument of appellee, whose counsel has presented an exhaustive and helpful brief upon the question here presented. The citations in this brief indicate that the above noted rule has not been universally adopted, though some of the authorities so indicate. In the case of In re Taylor's Estate, 61 Nev. 68, 114 P.2d 1086, 135 A.L.R. 580, the Nevada court appears to place a contrary ruling upon the interpretation of their statute to the effect that a repeal or repudiation of the common law was intended.

There are authorities, however, which appear to be more directly in point supportive of appellee's insistence. See O'Neill v. Read, 179 Iowa 1208, 162 N.W. 775; McAleb v. Boscoe, 27 Ariz. 167, 231 P. 918; In re Golembiewski's Estate, 146 Ohio St. 551, 67 N.E.2d 328.

But, as we have previously observed, Alabama is a common law state, and the argument does not question the fact that at common law the guardian of this minor would have the right to administration for and on behalf of the minor. There is nothing in our statute indicating any legislative intent to repudiate this common law rule. True, as urged by counsel for appellee, in some few of the cases noted by appellant, the language of the statute expressly states "or their legal representative". But in none of the authorities is it denied that at common law the guardian of the minor was entitled to the preference for and on behalf of his ward. We have several statutes that are mere recitals of common law rules, and it may be the cases with this language might be held to be of that class. However that may be, we can see no reason for not applying the common law rule as here applicable, and such is our conclusion.

Whether or not appellant, as argued, had been divorced from decedent, we do not consider a matter of any material consequence upon this appeal. But we forego further discussion.

We are of the opinion that the lower court erred in sustaining the demurrer and dismissing the petition. A decree will accordingly be here entered overruling the demurrer and remanding the cause for further proceeding in the probate court.

Reversed, rendered and remanded.

All the Justices concur.