[Civ. No. 18490. First Dist., Div. Two. July 2, 1959.]

Guardianship of the Person and Estate of LOIS M. ROSE et al., Minors. JACK WEBB et al., Respondents, v. LESLIE A. ROSE, Appellant.

Francis N. Crawford for Appellant.

Carr, McClellan, Ingersoll & Thompson and Tobin & Tobin for Respondents.

O'DONNELL, J. pro tem.*—This is an appeal from an order appointing respondents, Jack Webb and Jean Webb, guardians of the person and estate of Kelly A. Rose, one of the minors above named.[1]

Appellant Leslie A. Rose is the father of Kelly. The mother, Mary, is deceased. Leslie and Mary were married in

---

*Assigned by Chairman of Judicial Council.

[1]Reporter's Note—The minors are Lois M. Rose and Kelly A. Rose.

1944. Kelly was born in 1945. Leslie and Mary were divorced in 1948. The decree of divorce awarded custody of Kelly to Mary and directed Leslie to pay the sum of $30 per month for Kelly's support. Thereafter Mary married George F. Webb, a brother of respondent Jack Webb. This marriage, too, ended in divorce.

Mary died in 1958. By her will Mary appointed respondents guardians of Kelly's person and estate. Respondents thereupon petitioned the lower court for their appointment as such guardians. Appellant filed objections to their appointment, together with a petition for his own appointment as Kelly's guardian. After a hearing the court found that appellant had not visited Kelly or kept in contact with him since the divorce in 1948, although the divorce decree granted him the right of visitation, and further that appellant had knowingly and wilfully abandoned Kelly. The court further found that it is to Kelly's best interests that respondents be appointed his guardians. The court thereupon made its order appointing respondents guardians of Kelly's person and estate.

 The fitness of appellant to have the custody of Kelly is not questioned. He was not found by the lower court to be an unfit parent. The presumption is therefore that he is a fit parent. (*Stewart* v. *Stewart*, 41 Cal.2d 447 [260 P.2d 44] ; *In re Campbell*, 130 Cal. 380 [62 P. 613].) "It is settled in this state that in either guardianship proceedings or custody proceedings in a divorce action, the parents of a legitimate child have preference over a nonparent and the custody shall not be given to a nonparent unless the parent is found unfit." (*Guardianship of Smith*, 42 Cal.2d 91, 92 [265 P.2d 888, 37 A.L.R.2d 867].) However, section 1409 of the Probate Code provides: "A parent who knowingly or wilfully abandons or, having the ability so to do, fails to maintain his minor child under fourteen years of age, forfeits all right to the guardianship of such child ; . . ."

The issue to be decided in this case is whether appellant, though a fit parent, has abandoned his son and has thus lost the right to his custody.

 "In order to constitute abandonment 'there must be an actual desertion, accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same.' " (*Guardianship of Snowball*, 156 Cal. 240, 243 [104 P. 444].) *Estate of Moore*, 179 Cal. 302 [176 P. 461], considered the

question of abandonment in the light of facts similar to those of the instant case. In that case it appeared that Mr. and Mrs. Moore and their minor child lived in New York. The couple separated in 1911, the wife coming to California with the child. She had means of her own with which she supported the child. He contributed nothing to the child's support. He did not write to the child or send presents. He testified, however, that his wife forbade his corresponding with the child. The wife died in 1917, six years after the separation. The husband thereupon sought letters of guardianship but the probate court appointed the wife's testamentary guardian. Of this appointment the Supreme Court said (p. 305) : ''The court was not authorized, on this evidence, to find that the father had abandoned the child and thus lost his right to its guardianship. . . . The mere fact that the father permitted the child to remain with the mother is not enough to show such intent. The spouses had separated, and his right to the custody of the child was in no way superior to that of the mother.''

We think that the position of the father in the case at bar is even stronger than that of the father in the Moore case. In our case Mary had been awarded the sole custody of Kelly by the divorce decree. It is difficult to see how appellant could be said to have ''abandoned'' his son when the right to his custody had been awarded to someone else. Moreover appellant has, all through the years, paid the allowance provided by the divorce decree for Kelly's support. Further, appellant, who first learned of Mary's death when he was served with a notice of respondents' petition for letters of guardanship proceeded with dispatch to obtain the custody of Kelly.

Inasmuch as Kelly has at this time attained the age of 14 years, we deem it advisable to comment on the following statement contained in the findings of fact made by the lower court: ''That it is true that within approximately one year the said Kelly A. Rose will have the right, pursuant to Section 1406 of the Probate Code of the State of California, to appoint his own guardian; that the said minor has indicated he will nominate Jack and Jean Webb when he reaches the age of fourteen years and his right under the said section of the Probate Code matures.''

The minor's ''right'' to appoint his own guardian insofar as a guardian of his person is concerned is not as absolute as the quoted statement would seem to indicate. In *Guardianship of Kentera,* 41 Cal.2d 639, 642-643 [262 P.2d

317], the court said: "While the statutes give the 14-year-old minor the privilege of directly petitioning for the appointment of a guardian, such procedure does not eliminate the need for making the required showing of necessity or convenience as the basic ground for the appointment. It is only *after* such showing has been made to the satisfaction of the court that the law distinguishes between the 14-year-old and the younger minor, granting to the former the right to have his nominee appointed if approved by the court as a suitable person. Otherwise, in the case of the 14-year-old, the words 'necessary or convenient' would be given no meaning, with the result that every minor attaining that age would have the absolute right to select any fit person as his personal guardian regardless of the fitness of his natural parents. ■ The statutory provisions were not intended to upset the normal relationship of parent and child or to disrupt normal family discipline by allowing the 14-year-old minor to withdraw from the family circle at his whim. In other words, sections 1405 and 1440 apply in every case of the appointment of a guardian of a minor in that there must be the initial showing of necessity or convenience; and it is only thereafter that the right of the 14-year-old minor to have his nominee appointed his personal guardian, if fit, may be said to be 'absolute.' (Prob. Code, § 1406.)"

Appellant, as father of Kelly, is his natural guardian. It does not appear from the facts of this case that it is either "necessary or convenient" that Kelly have a court appointed guardian of his person. (Prob. Code, §§ 1405, 1440; *Adoption of McDonnell,* 77 Cal.App.2d 805, 813 [176 P.2d 778]; *Guardianship of Kentera, supra.*)

The only property of the minor is one ring of an undetermined value. The record does not indicate from whom or by what means the ring was acquired. Whether or not it is necessary that a guardian of Kelly's estate be appointed, and if so, who would have the right to such appointment, will depend upon whether the facts bring the case within sections 1402 and 1406.5, or section 1430 of the Probate Code.

Order reversed with directions to annul order insofar as it appoints respondents guardians of the person of Kelly and to take further testimony concerning the right to guardianship of his estate.

Dooling, Acting P. J., and Draper, J., concurred.