450 P.2d 123

In the Matter of the ESTATE of Sharon Ann THELEN, Deceased.

Frank KELLEY, Guardian of Shannon N. Kelley, a minor, Respondent, Appellant,

v.

Thelma DOCKERY, Administratrix of the Estate of Sharon Ann Thelen, Deceased, Appellee.

No. 1 CA–CIV 819.

Court of Appeals of Arizona.

Feb. 3, 1969.

Rehearing Denied Feb. 28, 1969.

Review Denied April 1, 1969.

William T. Moroney, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit, by Chester J. Peterson, Phoenix, for appellee.

DONOFRIO, Chief Judge.

Decedent, Sharon Ann Thelen, died on or about July 12, 1967. She was a resident of Phoenix, Arizona, and left an estate consisting of personal property valued at less than $1000. The only thing which was of value in the estate was the possibility of a wrongful death action on behalf of her surviving children. The appellee, Thelma Dockery, a resident of Arizona and the mother of the deceased, filed a Petition for Issuance of Letters of Administration.

Some time prior to her death the decedent was married to appellant Frank Kelley. A daughter was born of this marriage. After the decedent and Kelley were divorced, she married Dennis Thelen, from whom she was also divorced. From the second marriage a son was born. Both children are minors in the custody of their respective fathers.

Both previous husbands of the decedent filed Objections to Appointment of Administratrix and at the same time Frank Kelley filed a Petition in the same cause of action for Letters of Administration of the Estate of Sharon Ann Thelen. On November 8, 1967, the probate court entered orders denying the objections to the appointment of Thelma Dockery as administratrix, and at the same time also denied the petition of Frank Kelley for letters of administration. The court granted the petition for the appointment of Thelma Dockery as administratrix. At the time of these orders no legal guardian had been appointed for either of the children, and Frank Kelley was petitioning as a natural guardian. Subsequently, on December 29, 1967, Frank Kelley was appointed guardian of his daughter's estate.

The question presented for review is whether or not under the provisions of A.R.S. § 14–417 the probate court properly appointed Thelma Dockery as administratrix of the Estate of Sharon Ann Thelen. The pertinent provisions of this section announcing the order of preference in regard to appointment of administrators reads as follows:

"A. Administration of the estate of a person dying intestate shall be granted to one or more of the following persons, and in the following order:

"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed.

"2. The children.

"3. The father or mother.

\* \* \* \* \* \*

"D. If the person entitled to administration is a minor, letters may be granted to his guardian, or to any other person entitled to letters of administration in the discretion of the court."

It is the appellant's position that under A.R.S. § 14–417, subsecs. A and D, a guard-

ian of a minor child of the decedent should be appointed in preference to a parent of the decedent. He also maintains that the word "guardian" as used in A.R.S. § 14–417, subsec. D shquld be construed to mean a "natural" guardian and not necessarily limited to one appointed by the court.

Paragraph D of A.R.S. § 14–417 was adopted from the California Probate Code. The California statute now reads:

"If a person otherwise entitled to administer is a minor, an incompetent person, or conservatee, letters may be granted to his or her guardian or conservator or any other person entitled to letters in the discretion of the court." Calif.Prob. C.A. Sec. 426.

A look at the early California statute, Calif.Stat.1893, Ch. 38, Sec. 1 is substantially verbatim with the Arizona version adopted in 1901. Arizona Revised Statutes 1901, Sec. 1647. Since the Arizona statute was adopted substantially verbatim from California, and is still substantially verbatim with the California Code, the construction given to it by the California courts, if reasonable, will be persuasive. Hayward Lumber & Invest. Co. v. Graham, 104 Ariz. 103, 449 P.2d 31 (Filed December 27, 1968).

California, in construing this statute, has stated that:

"The guardian is to be considered a member of the class to which his ward belongs and ahead of all lower classes, and the court has no discretion to appoint a person of an inferior class in preference to the guardian." In Re Estate of Waltz, 244 Cal.App.2d 217, 52 Cal.Rptr. 880, 883 (1966).

It is this Court's position that the words "other persons entitled" found in A.R.S. § 14–417, subsec. D gives the probate court the discretion to appoint any person to be the guardian who it feels is qualified to protect the interest of the minor. This guardian would then be entitled to the same consideration as any other person in the same category as the minor to be appointed administrator.

It would not make sense to remove the disqualification of the minor and then either lower him to an inferior class or raise some subordinate person to his class. The section was apparently added to give the minor some substantial benefit. This could best be done by permitting him to remain in the same class as if he were not of minority age, and in an equal position with adults of the same class. It does not appear to be consonant with fairness and justice to permit members of an inferior class to have equal rights with an infant of a superior class merely because the infant has not reached the age of 21. The words "other persons entitled" can only apply to persons who are of the same class as the minor who, as either adults or minors, are seeking letters. Letters, of course, must not be issued to the minor directly, but to his guardian. In Re Turner's Estate, 143 Cal. 438, 77 P. 144 (1904); In Re Nicoll's Estate, 79 Cal. App.2d 48, 179 P.2d 95 (1947).

This interpretation follows the common law rule. When an infant, would, but for his infancy, be entitled to administer an estate, it is the common law rule that the court-appointed guardian of the infant is entitled to be the administrator in the place of his ward and for his ward's benefit. 31 Am.Jur.2d Executors and Administrators, Sec. 62; 33 C.J.S. Executors and Administrators, § 37. The authorities are abundant that this has always been the common law rule in the United States. Langan v. Bowman, 12 Smedes & M. 715 (Miss.1849); Mowry v. Latham, 17 R.I. 480, 23 A. 13 (1891); 135 A.L.R. 580 (1941). The cases also point out that the ward through his guardian is, as a matter of common law right, entitled to be considered as if he were of age. In Re Weeks' Estate, 40 Ind.App. 139, 81 N.E. 107 (1907); Hollis v. Crittenden, 251 Ala. 320, 37 So.2d 193 (1948).

Where a right exists at common law and a statute is enacted which could be construed as being consistent with the common law, then rules of statutory construction require this Court to indulge every in-

tendment in favor of consistency with the common law. We are not to presume that the Legislature has repudiated the common law without a clear manifestation that such was its intent. Farnsworth v. Hubbard, 78 Ariz. 160, 277 P.2d 252 (1954); Tucson Gas & Elec. Co. v. Schantz, 5 Ariz.App. 511, 428 P.2d 686 (1967). We find no such clear manifestation of legislative intent in A.R.S. § 14–417 to repudiate the common law rule in regard to the right of minors and their guardians to be administrators.

■ We hold that the children of the deceased have a prior right over a parent of the decedent to administer the estate of their mother or father. We do feel, however, that in order for letters of administration to be issued to the children, the children must either be of lawful age or have a guardian appointed for them by the court at the time of the probate hearing. If there is no such guardian appointed, then the persons next on the list of preferences may be appointed administrator by the probate court.

■ Under our Arizona statutes, except under will or deed, a parent has no power as a guardian over the property of his child unless appointed by the court. A.R.S. § 14–802. With this statute in mind, we do not feel that the word "guardian" in A.R.S. § 14–417, subsec. D could have meant that a parent or guardian by nature has a statutory right to be appointed administrator of an estate because his minor child has a preferred right to be administrator. The word "guardian" in this instance applies to any person who has been appointed by the court to have jurisdiction over the person and property of the ward.

■ A father of a minor child whose mother has died is the minor's natural guardian. Harper v. Tipple, 21 Ariz. 41, 184 P. 1005 (1914); In Re Guardianship of Rose, 171 Cal.App.2d 677, 340 P.2d 1045 (1959). The parent of a child has a preferred right to be designated as the general guardian of his minor children. A.R.S. § 14–846, subsec. C; Caruso v. Superior

Court, 100 Ariz. 167, 412 P.2d 463 (1966). While a parent is the natural guardian of a minor, he is only entitled to be appointed guardian of the minor's estate if the parent is found capable of handling the responsibilities involved. There is no absolute right to act for the minor, and there is no absolute right to manage and control the minor's estate as his natural guardian. Kaplan v. Kaplan, 373 S.W.2d 271 (Tex. Civ.App.1963).

■ It must be kept in mind that the guardianship is a fiduciary position similar to a trustee. Bell v. Bell, 44 Ariz. 520, 39 P.2d 629 (1934); In Re Estate And Guardianship Of Purton, 7 Ariz.App. 26, 441 P.2d 561 (1968). A court, when deciding who is to be the guardian of a child, considers the interests of the parents, but the motivating interest of the court in guardianship proceedings is the best interests and welfare of the child. In Re Guardianship Of Rodgers, 100 Ariz. 269, 413 P.2d 744 (1966). With this the paramount consideration, the courts may even require the interests of the parents to sometimes yield. Examples of where the rights of a parent yielded to the best interests of a child are found in In Re Estate And Guardianship Of Brown, 199 Cal.App.2d 262, 18 Cal.Rptr. 613, 616 (1962), and in Siganoff v. Metropolitan Distributors, Sup., 111 N.Y.S.2d 21 (1951).

■ In the instant case since there was no court appointed guardian available at the time of the hearing, the probate court could appoint the mother of the decedent as administratrix of the estate.

Affirmed.

CAMERON, J., and E. R. THURMAN, Judge of Superior Court (Retired), concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge E. R. THURMAN was called to sit in his stead and participate in the determination of this decision.