[Sac. No. 1068. In Bank.—June 2, 1904.]

In the Matter of the Estate of ARTHUR D. TURNER, Deceased. L. J. TURNER, Appellant, v. J. B. RICHARDSON, Respondent.

ESTATES OF DECEASED PERSONS—RIGHT OF ADMINISTRATION—GUARDIAN OF MINOR HEIR—CONSTRUCTION OF CODE.—Section 1368 of the Code of Civil Procedure, providing for administration by the guardian of a minor who is entitled to administration, is to be liberally construed, as removing the disqualification of a minor who has a guardian to the full extent to which it is imposed by section 1369 of that Code, and to allow him, through his guardian, as his representative, all of the rights to which he would be entitled if he were an adult.

The words "letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court," must be construed as limiting the discretion to other persons of the same class to which the minor would belong if he were an adult, and not as conferring discretion to appoint a person of an inferior class in preference to his guardian.

ID.—APPOINTMENT OF GUARDIAN OF MINOR BROTHER AS AGAINST ADULT BROTHER—DISCRETION OF COURT.—Under sections 1367 and 1368 of the Code of Civil Procedure, the court had discretion to appoint the guardian of a minor brother of the deceased as administrator, whose appointment was desired by two adult brothers, to the exclusion of a third adult brother.

APPEAL from an order of the Superior Court of Solano County granting letters of administration. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

R. Clark, and O. R. Coghlan, for Appellant.

George A. Lamont, for Respondent.

LORIGAN, J.—Arthur D. Turner died intestate on February 9, 1902, a resident of Solano County, leaving property therein. As his sole heirs at law he left four brothers, residents of said county, three of whom were of age, the fourth a minor.

L. J. Turner, the appellant, one of the adult brothers, applied for letters of administration, as did also J. B. Richardson, the guardian of the minor brother, V. F. Turner, and the petitions were heard together. On the hearing it appeared by the testimony of two of the brothers that they desired the appointment of the guardian of the minor brother as administrator, although they filed no written consent or request for his appointment. L. J. Turner testified that he is a brother of the full blood, and desired letters issued to himself. The court on the evidence adjudged that Richardson, the guardian, was entitled to letters, and they were ordered issued to him. L. J. Turner appeals from the order.

This appeal involves the construction of section 1368 of the Code of Civil Procedure, a matter not heretofore passed upon by this court. That section provides that "If any person entitled to administration is a minor, . . . letters must be

granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court."

Before proceeding to consider this section it is proper to refer to other sections bearing upon the subject of administration.

Section 1365 of the same code prescribes who must be appointed, and the order in which the persons named are entitled. The brothers are fourth in order. Section 1367 provides that when there are several persons equally entitled "the court may grant letters to one or more of them." Section 1369 provides: "No person is competent or entitled to serve as administrator or administratrix who is: 1. Under the age of majority; . . . "

It is insisted by appellant that the proper construction of section 1368 is, that where there is a single person of any class designated by that section as entitled in their respective order to letters of administration—children, brothers, sisters, grandchildren—who, if not a minor, would be entitled to such letters, his guardian is so entitled, but, where there are two persons otherwise equally entitled as members of a class under said section, one of whom is a minor, that letters must be granted to the person who is not a minor.

The respondent contends, and the lower court took this view of it, that the purpose of section 1368 is to place the guardian of a minor, and the adult members of the class to which the minor belongs upon the same footing as to the right to letters of administration, and we are of opinion that this construction is the proper one.

The language of section 1368 is general in its nature and unrestricted in its terms. It confers a right in behalf of one member of a class; removes his disability to the extent that it confers upon his guardian a right to which, save for his minority, he would be himself entitled; and in furtherance of that right and to uphold it the language of the section should be liberally rather than restrictively construed.

There is certainly nothing in the wording of the section which tends to restrict its application in the manner insisted on by appellant. Nor do any other sections of the code on the same general subject warrant it.

There is nothing in the terms of section 1365, declaring who are entitled to administer, which gives an adult of any of the

classes there mentioned a preference over minors of the same class. The section simply designates by classes, generally, who are entitled to administer, and prescribes the preferential order in which the classes are so entitled, but it makes no distinction among members of a class on account of minority.

. The preference which, in the absence of section 1368, is given to adults springs from section 1369, which necessarily accords such preference, because by this latter section a minor is declared incompetent and not entitled to serve as administrator. This disqualification is general and absolute in all cases and as to all classes, and but for section 1368 the minor would have no right in any instance to apply for letters. In fact, he has none now. His personal disqualification remains; he cannot serve, but his guardian as his representative may. The object of section 1368 undoubtedly is to remove the disqualification of the minor and place him, through his guardian, in the same category as if the minority did not exist. In the case at bar, the particular class of persons to which he belonged was among the brothers of decedent, and but for his minority he would have been entitled, as one of that class, to apply for letters of administration. His minority alone disqualified him. That disqualification was certainly intended to be removed by section 1368 to some extent, and the only question is, to what extent has it been accomplished. The language of the section contains no limitation in this respect. It is certainly capable of being fairly and reasonably construed as a removal of the disqualification to the full extent that it is by section 1369 imposed, and to allow him, through his guardian as his representative, all the rights to which he would be entitled were he an adult, one of which would be to contest, on an equal plane with all the members of the class, for the right to administer.

Nor do the words "letters must be granted to his or her guardian, *or any other person entitled* to letters of administration, in the discretion of the court" indicate a contrary intention, or place the adult in any more favorable position than the minor.

The use of these words in the section undoubtedly contemplated that there might be other persons who would be entitled to letters. Such persons are referred to generally, without any discrimination as to whether they may be adults,

or minors other than the applicant, or incompetents represented by guardians. And as the term "or any other person entitled" is general in its designation of persons, it must either apply to persons in the same class as the minor, or to persons in inferior classes who, as provided in section 1365, are entitled, in the absence of others having superior rights, to a grant of letters.

Now, no good reason can be suggested why, when the legislature removed the disability from the minor by conferring a right to representation on his guardian, it was intended that the only effect of the application would be to give the court discretion to either appoint him, or some member of an inferior class. This would be according the minor no substantial benefit or advantage, and the section doubtless contemplated the conferring of some substantial right, and this could be best accomplished by placing him in the class to which he would belong if he were an adult, and on an equality with other members of that class, not by placing him on a level with members of an inferior class, or by importing such members into his class and putting them on an equality with him. Under any other construction the section would be held to mean that, while the guardian may apply because his ward is one of a preferential class who, but for his minority, would be entitled to administration, still, when he does apply, the court may appoint one of an inferior class, who, as against the minor, if an adult, would not be entitled to be heard at all; that while the minor might be in by superior right, he may be out by inferior displacement. The grant of such a vague and illusory right was never contemplated. Members of an inferior class are never entitled to administer when there is a member of a superior class who is not disqualified, and by qualifying the minor of such superior class to obtain a grant through his guardian it is hardly conceivable that the legislature intended to confer on him no greater privilege than to contest with others of a subordinate class for the discretionary award of a grant of administration.

Such a construction would neither be consonant with fairness nor justice to the minor, and we are satisfied that this was not the legislative intent, but that the expression "or any other person entitled to administer" was intended to and does apply to all persons who are entitled to administer as

being of the same class as the minor would be, were he an adult. We think this is the proper construction for several reasons. In the first place, the general subject-matter of the section would indicate it. The section is dealing with the right of a minor to apply through his guardian for letters; it removes his disability and authorizes the grant to his guardian of letters as a member of a given class; in that class there may be others equally entitled seeking letters; independent of adults there may be other minors than himself, or they may be all minors whose respective guardians are applying for letters as representatives of their wards. Under these circumstances it would only be a reasonble construction of the words "other persons entitled" to hold that it applies to persons who are of the same class as the minor, who, either as adults or minors, were seeking letters. In the next place, it is this construction only which accords such minor, through his guardian, the absolute right to letters of administration when he is the sole representative of his class, which cannot be if those outside that class—persons of an inferior grade—are entitled to be considered under the category of "other persons entitled." Lastly, when we consider the entire section, in as far as it confers discretion upon the court to appoint the "guardian or other person entitled," we find it harmonious with, and is in effect the same as, the rule laid down in section 1367, where it is declared that, "when there are several persons equally entitled to the administration the court may grant letters to one or more of them." This is the general rule, and applies only in those cases where the persons applying are equally entitled because they are members of the same preferred class, and not only do we think it was not intended to lay down a rule under section 1368 different from the general rule in section 1367, but on the contrary, from the use of practically the same language, in the former section, that it was intended to reiterate and adopt the general rule.

As, then, the expression "or other person entitled" cannot be construed as giving members of a subordinate class an equal, or any right, to be heard, or appointed, by the court in its discretion, when the application is made in behalf of a minor of a superior class, it necessarily follows, that the language must apply and be confined to members of the same

class as the minor, and that, as the law nowhere confers any special right upon an adult to be preferred in a grant of letters of administration, and as the law, by removing the disability of the minor, intended to, and does, place him in the same category of persons entitled, to which the adult belongs, we are of opinion that the guardian of the minor may apply for letters of administration, notwithstanding there are adults; that the law places them upon the same plane of equality, and that the court, in its discretion, may appoint the guardian of the minor to the exclusion of the adult. This was done in the case at bar, and, as the action of the court was in harmony with the construction we have placed upon section 1368, and was the exercise of its discretion, the order appealed from is affirmed.

Angellotti, J., Shaw, J., Van Dyke, J., and Beatty, C. J., concurred.

McFARLAND, J., dissenting.—I dissent, and adhere to the opinion delivered in Department.

The following is the opinion rendered in Department Two on the 22d of December, 1903, referred to in the dissenting opinion of Mr. Justice McFarland:—

CHIPMAN, C.—Application for letters of administration. Arthur D. Turner died intestate on February 9, 1902, a resident of and leaving property in Solano County. He left as his sole heirs at law four brothers, residents of said county, three of whom, including appellant, were of age.

L. J. Turner, appellant, applied for letters, and J. B. Richardson, the guardian of the minor brother, V. F. Turner, also applied, and their petitions were heard together. It appeared at the hearing by the testimony of two of the brothers, that they desired the appointment of the guardian of the minor brother, although they had not made or filed any written request for such appointment. L. J. Turner testified that he is a brother of the full blood, and desired letters issued to him. On the evidence it was adjudged that Richardson was entitled to letters, and it was accordingly so ordered. L. J. Turner appeals from the order.

Section 1365 of the Code of Civil Procedure prescribes who must be appointed and the order in which the persons named are entitled. The brothers are fourth in order. Section 1367 provides that where there are several persons equally entitled, "the court may grant letters to one or more of them." Section 1368 provides: "If any person entitled to administration is a minor or an incompetent person, letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court." Section 1369 provides: "No person is competent or entitled to serve as administrator or administratrix who is: 1. Under the age of majority; . . ." Section 1379 provides: "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled filed in the court. . . ." These are all the sections of the code bearing on the question. In their report of August 1, 1900, made to the legislature, the code commissioners proposed an amendment to section 1368, and in a note to the proposed amendment said: "This section was probably intended to mean, and will mean, if so amended, that where a single person would, if not a minor, be entitled to letters in preference to all others, his guardian, if competent and applying, is entitled to letters; but if there are two persons otherwise equally entitled, and one of them is a minor, the letters must be granted to the person not a minor." Appellant insists that this is the correct meaning of the section, when considered with reference to other sections, and, therefore, the court exceeded its authority in appointing the guardian of the minor brother in preference to a brother who was of age and otherwise competent. Respondent contends that section 1368 places the guardian of the minor brother on the same footing with the adult brother. The statute disqualifies a minor, and says that he is not competent or entitled to serve as administrator. But where "any person entitled to administration," (i. e. who is mentioned in one of the classes enumerated in section 1365), "is a minor or an incompetent person," his guardian or some other person entitled must be appointed. The person cannot serve, but his representative may, and in such case the court is given discretion to appoint the guardian or "any other person entitled." (Sec. 1368.) For example: If there was but one brother, and he was a

minor, and therefore disentitled and incompetent, the court might appoint his guardian or any other person entitled by the statute to serve. If, however, there is another brother who is of the age of majority, and otherwise qualified, he would be entitled as of right under section 1365, and we do not think that the legislature intended to confer an equal right by section 1368 on the guardian of a brother who is by the statute declared to be neither competent nor entitled, or that the legislature intended by that section to give "any other person entitled" an equal right. It is only by virtue of section 1368 that the guardian of a minor can be appointed, and we do not think it was intended to take away from the adult brother the preference given him by section 1365. It is only where "there are several persons equally entitled to the administration," that "the court may grant letters to one or more of them." (Sec. 1367.) Section 1365 places children before brothers of deceased. Suppose the father dies, leaving two sons, one of age and one an infant. Section 1368 would apply to such a case, and respondent's contention would leave it discretionary with the court to appoint the guardian of the minor child or some other person entitled, and this would be true also of the sisters, the grandchildren, and the rest of kin who are mentioned after brothers in section 1365 as entitled. The construction contended for by respondent would place the guardian of a minor on an equal footing with all these different classes of persons. We think the more reasonable meaning of the statute is, that where there is but one person of the class entitled, and that person is a minor, the court has the discretion to appoint his guardian or any other person entitled. But where there are two or more of that class, and one is a minor, the court has no such discretion, but must appoint one of the class who is of the age of majority, if otherwise competent. If all of the class are minors, it may be that respondent's position would hold, but not otherwise.

It is advised that the order be reversed, with directions to grant letters to appellant.

Haynes, C., and Cooper, C., concurred.