[Civ. No. 15398. Second Dist., Div. Three. Apr. 10, 1947.]

Estate of CLARENDON R. NICOLL, Deceased. BARRY R. NICOLL, a Minor, etc., Appellant, v. DAVID R. NICOLL, Individually and as Administrator With the Will Annexed, etc., Respondent.

John A. Holland and John M. Hines, Jr. for Appellant.

Macfarlane, Schaefer & Haun and William Gamble for Respondent.

WOOD, J.—Clarendon R. Nicoll died on July 8, 1945, leaving an holographic will, dated October 11, 1943, in which he did not nominate an executor. David R. Nicoll, brother of decedent, filed a petition for probate of the will and for letters of administration with the will annexed.

The decedent had obtained an interlocutory decree of divorce from his wife, Mary Nicoll, on June 28, 1940, but a final decree of divorce has not been entered. Under a property settlement agreement executed on June 19, 1940, by decedent and Mary Nicoll, which was made a part of the interlocutory decree, the decedent and Mary Nicoll each waived the right to inherit from the other and waived the right to be administrator of the estate of the other. Mary Nicoll is the guardian of the person and estate of Barry R. Nicoll, aged about eight years, the son of decedent and Mary Nicoll.

As such guardian, she filed a petition that the will be admitted to probate and that letters of administration with the will. annexed be issued to her as such guardian of said minor. Also as such guardian she filed objections to the said petition of David R. Nicoll for letters of administration with the will annexed, and alleged that as such guardian she had the prior right to such letters of administration; that David R. Nicoll was not a fit person to be appointed for the reason that he was physically unable to conduct the affairs of the estate; that his interests under the will and otherwise were adverse to the interests of said minor; and that David R. Nicoll did not have sufficient knowledge or experience to carry on the general contracting business of decedent as a going concern.

David R. Nicoll filed objections to the said petition of said guardian for letters of administration, and alleged that under

said property settlement agreement Mary Nicoll had waived all rights to act as administratrix; that she was not a competent person to serve as administratrix by reason of a want of integrity; that it would not be for the best interests of the minor for her to administer the estate of decedent for the reason that after the interlocutory decree of divorce, while she had custody of said minor, she purported to be married to a Mr. Hawkins and resided with him as husband and wife; and that thereafter, at a time when a final decree of divorce had not been entered, she entered into a marriage ceremony with a Mr. O'Hara and lived with him as husband and wife.

The will was as follows: ''10-11-43 I, Clarendon R. Nicoll being sound of mind make my last and only will this 11th day of Oct—1943, as Follows, I leave my contracting business, equipment, real estate, Insurance, personal belongings, and stocks and bonds, (box at Bank of Am 7 & Spring Sts) to my brother Dave R. Nicoll; who will always take care and share same with my only son Barry R. Nicoll to the best of his ability. In case of Dave's death all above and cash on hand to go into a Trust fund for son Barry to be given him in 3 parts—one at 18, 21, and 25 years old. My oldest brother James S. Nicoll or Bank of Am. to be administrator in such a case.

''Also leave my cash in Bank of Am. 7th & Spring & money due me on contracts to my brother Dave R. Nicoll except $500.00 cash which is to go to my faithful servant Billie Clark. Also leave $1.00 to my exwife now Fay Hawkins. This will is the way I want it and not to be changed.

''Bury me at Sawtelle with the boys. Again I say I am of sound mind and this is only will—signed.

Clarendon R. Nicoll<br>C. R. Nicoll.

''Dog Madame Queen to go to Billie Clark.''

The court found that decedent left property consisting of real property of the approximate value of $10,000; and personal property consisting of $10,470 cash; a going masonry contracting business having equipment of the approximate value of $2,000; an automobile of the approximate value of $1,000; and stocks and bonds of the approximate value of $4,600. It further found, among other things, that David R. Nicoll, the brother, was entitled to succeed to the bulk of the estate; that he had worked with decedent for the past 19 years in the said masonry contracting business; that ''it is not

true that no other person exists who has a prior right to petitioner, Mary Nicoll, as such Guardian, to Letters of Administration-With-the-Will-Annexed of the said Estate of Clarendon R. Nicoll, Deceased''; that Mary Nicoll individually had waived all rights to act as administratrix; that Mary Nicoll was not a competent person to administer the affairs of said estate by reason of lack of business experience; that it would not be for the best interests of the minor for her to administer the estate; that it is not true that David R. Nicoll is not a fit person to handle the affairs of the estate; that it is not true that he is physically unable to conduct the affairs of the estate; that it is not true that he has interests adverse to the interests of the minor; that David R. Nicoll has sufficient knowledge, skill or experience to carry on said business in a competent and economical manner. As a conclusion of law, among others, the court concluded that Mary Nicoll, as guardian of said minor, is incompetent to serve as administratrix of the estate of the decedent.

The will was admitted to probate, and David R. Nicoll was appointed administrator with the will annexed of said estate. The judgment admitting the will to probate and appointing the administrator was signed and filed on October 22, 1945, and was entered on October 29, 1945.

The notice of appeal recites that Barry R. Nicoll, a minor, by Mary Nicoll, the guardian of his person and estate, appeals from the judgment entered on September 22, 1945, and from an order denying a motion for a new trial.

The minor, by his guardian, contends that letters of administration with the will annexed should have been granted to his guardian in preference to David R. Nicoll, the brother of decedent, since, according to section 422, subdivision 2, of the Probate Code, the minor, being the son of decedent, is in class two of the order of priority in which administrators should be appointed, whereas, the brother is in class five of such order. Said section 422 provides that administration must be granted to one or more of the following persons, who are entitled to letters in the following order: ''(1) The surviving spouse, or some competent person whom he or she may request to have appointed. (2) The children. . . . (5) The brothers and sisters. . . .'' Said section also provides that ''the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof.'' It is provided in section 409 of the Probate

Code that "Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators. . . ." In section 426 of the Probate Code it is provided that "If a person otherwise entitled to administer is a minor . . . letters may be granted to his or her guardian, or any other person entitled to letters, in the discretion of the court." The words, "other person entitled," appearing in said section 426 refer to a person who is of the same class as the minor, who, either as an adult or a minor is seeking letters of administration. (*Estate of Turner*, 143 Cal. 438, 443 [77 P. 144].)

 The finding that Mary Nicoll was not a competent person to administer the affairs of said estate by reason of lack of business experience is not a finding of incompetency within the meaning of section 401 of the Probate Code. That section provides that no person is competent to serve as executor who is "adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity." The qualifications required of an administrator are the same as those required of an executor. (Prob. Code, § 420.) The expression "want of understanding," as used in section 401, does not mean a lack of business experience. It means "a want of common intelligence amounting to a defect in intellect." (*Estate of Olcese*, 210 Cal. 262, 268 [291 P. 193].)

 There must be an express adjudication of such incompetency as that specified in said section 401 of the Probate Code. (*Estate of Davis*, 55 Cal.App.2d 784, 788 [131 P.2d 557].) The trial court did not adjudge that Mary Nicoll was incompetent within the meaning of that section.

 Under the provisions of the property settlement agreement Mary Nicoll individually waived her right to act as administratrix. Such waiver, however, is not to be construed as a waiver by her in her representative capacity, as guardian of the minor, of his right, if any, to have letters of administration granted to her as his guardian.

 Unless the minor was entitled to succeed to a portion of the estate his guardian would not be entitled, as his representative, to priority of appointment, over the decedent's brother, as administratrix with the will annexed. Under the provisions of the will it is clear that the brother, David R. Nicoll, was entitled to succeed to a portion of the estate, that is, it is clear from the second paragraph of the will that he

was entitled to succeed, at least, to the cash in the bank and the money due on contracts. As shown above, the court found that "it is not true that no other person exists who has a prior right to petitioner, Mary Nicoll, as such Guardian." In other words, the court found that Mary Nicoll as such guardian did not have the prior right to appointment. The effect of the finding, in view of the appointment of the brother, is that the minor was not entitled to succeed to a portion of the estate. The provisions of the will with reference to the minor are in the first paragraph wherein some of the property was left to decedent's brother with a request or direction that he "take care and share same" with the minor "to the best of his ability." It is then stated therein that "In case of Dave's death" the property so left to Dave should go into a trust fund for the minor. The provisions are not clear as to whether the minor is to succeed to a part of the estate. An interpretation of the will involves various questions, including whether a precatory trust was created, and whether a life estate in Dave with remainder in trust for the minor was created. There might be extrinsic evidence which would be of assistance in determining the intent of the testator with respect to the interest of the minor, if any, in the property. It does not appear that all the evidence which would be material in interpreting the will was presented or offered in the trial court. This court cannot on this appeal interpret the will for the purposes of distribution; that will be a question for the trial court at the time of distribution. Under the record here, this court cannot say that the trial court, in this proceeding which was limited to the matter of determining who should be appointed administrator with the will annexed, erred in finding that the guardian did not have the prior right to appointment, thereby finding in effect, for the purposes of appointing such an administrator, that the minor did not succeed to a portion of the estate.

The judgment is affirmed, and the appeal from the order denying the motion for a new trial is dismissed.

Shinn, Acting P. J., and Kincaid, J. pro tem., concurred.