## WILLIAMS, Estate of, In re.

Probate Court, Muskingum County.

No. 6331. Decided October 27, 1958.

D. H. Crossland, for administratrix.
Ross Johnston, for applicant.

### OPINION

By GARY, J.

This matter is heard upon the application of Chester Williams, a brother of deceased, to set aside the appointment of Faye Williams as administratrix of the estate of Warren Sylvester Williams, her estranged spouse.

The facts presented indicate that Warren Williams and Faye Williams signed a separation agreement on August 8, 1958. This agreement included, among the other customary provisions, the following sentence:

"Each party waives any right which he or she may have to administer the estate of the other party upon the death of such other party."

Warren Williams died on August 31, 1958 without having made any reconciliation with his wife. He was also survived by two sons, aged

9 and 5. On September 23, 1958, Letters of Administration were issued to Faye Williams, who applied as "widow-parent and prochain ami of next of kin and guarantor of funeral bill." On October 2, 1958 the application to set aside this appointment was made.

The application was made on two grounds. First, that since the spouse had given up her priority by signing the separation agreement, and the children of deceased are not qualified to serve because of age, the brother, as nearest of kin after these disqualifications, should have the right to administer, and second, that the spouse was completely barred from serving by reason of the separation agreement.

The first contention can be quickly determined. This point was considered in **Shannon v. Hendrixson, 20 Abs 316,** in which the Court of Appeals held:

"Where the priority as a matter of right is exhausted for lack of eligible persons, the Probate Court, in committing administration 'to some suitable person resident of the county' is not compelled to appoint the nearest relative in the direct line of inheritance."

Applying this rule to the instant case, it can be seen that the applicant, brother of decedent, has no priority under the statute (§2113.06 R. C.).

The second question is more difficult of answer. Insofar as we can ascertain, this point has never been directly decided in Ohio. The case of Garretson v. Garretson, 4 O. C. C. 336, has been cited by the administratrix in support of her right to administer. It is true that in that case the court held that a separation agreement in itself was not sufficient to prevent the surviving spouse from being appointed administratrix. However, in the Garretson case, the separation agreement had been executed some ten years before the death of the husband, there was no evidence to show that the agreement was carried out, and there was no clause in the agreement which specifically waived the right to administer. This would distinguish it from the instant case.

This question has been passed upon in other states, however. The case of In re Nicoll's Estate, 79 Cal. App. 2nd. 48, 179 P. 2nd 95, concerned a factual situation practically identical with the instant case. In that case the California Court of Appeals for the second district held:

"Under the provisions of the property settlement agreement Mary Nicoll individually waived her right to act as administratrix. Such waiver, however, is not to be construed as a waiver by her in her representative capacity, as guardian of the minor, if any, to have letters of administration granted to her as his guardian."

See also In re Forrest, 43 Cal. App. 2nd. 347, 110 P 2nd. 1023; In re Hadsell, 120 Cal. App. 2nd. 270, 260 P. 2nd. 1021; In re Quinn, 243 Iowa 1266, 34 ALR 2nd. 871, with annotation at page 876.

Since the administratrix filed her application in behalf of the minor children, who are admittedly the next of kin of decedent, and since she was appointed as a "suitable person resident of the county," and not under her priority as surviving spouse, it is the finding of the court that her waiver of her "right to administer" was merely a waiver of her priority and is not a complete bar to her being appointed as administrator.

It should be further noted that the appointment was not made until more than three weeks after decedent's death. Had the brother or some other suitable person made application during that period, the court might have considered such an appointment as within its discretion. However, having exercised its discretion by appointment of the present administratrix, the Court will not set aside such appointment in the absence of a showing that she is not a proper person to administer the estate. No such evidence having been submitted, and the court having already determined that she was not barred from serving as administratrix, the application to set aside the appointment is hereby overruled.