Bertram R. Gelfand, S.
This is a proceeding to vacate limited letters of administration heretofore issued on October 5, 1976 to the mother of decedent and for the issuance of such letters to petitioner. Petitioner is both the mother and the guardian of the person and property of decedent’s eight-year-old son. She was appointed such guardian pursuant to a decree of this court entered December 22, 1976. Petitioner’s marriage to decedent was terminated by a foreign decree of divorce dated February 1, 1974. This decree incorporated by reference the terms of a separation agreement previously executed by petitioner and decedent on January 15,1974.
*664 Decedent died intestate on July 15, 1976. His sole distributee is his infant son of whose person and property petitioner is guardian.
Annexed to the original application in which respondent petitioned for the letters of administration issued to her was a consent to the issuance of letters which consent was purportedly executed by petitioner as the mother of the infant issue. It is not necessary to reach petitioner’s contention that her signature is a forgery since this document was not executed by petitioner as the infant’s guardian. She did not enjoy that status on the date the consent was allegedly sworn to and executed. This consent, accordingly, cannot serve as a waiver of such guardian’s right to limited letters of administration in her fiduciary capacity.
Decedent’s infant son as his sole distributee is entitled to the entire estate (EPTL 4-1.1, subd [a], par [6]). The mother of decedent not being a distributee and not being designated by the guardian of the infant, who is the sole distributee, is devoid of such priority as would entitle her to receive letters of administration (SCPA 1001). Accordingly, to the extent that the application seeks revocation of the letters of administration heretofore issued on October 5, 1976, it is granted.
There remains a question as to the eligibility of petitioner to now receive letters of administration. It is contended by the respondent mother of decedent that pursuant to the terms of the separation agreement, executed by petitioner, she has waived any rights she had to receive such letters of administration. Petitioner contends that the waiver incorporated in such separation agreement is limited to her in her individual capacity, but does not extend to her status as the guardian of the property of the infant.
Paragraph "11.” of the separation agreement provides as follows: "11. The Husband hereby waives all rights to share in the estate of the Wife, upon the death of the Wife, either testate or intestate, and the Wife hereby waives her rights to share in the estate of the Husband, upon the death of the Husband, either testate or intestate, and both parties waive their rights to be administrator or executor of the other spouse’s estate.”
It appears that the question presented is one of first impression in this State. The research of the court can find reported decisions on the subject in only two sister States, California and Ohio (Matter of Nicoll v Nicoll, 79 Cal App 2d 48; Matter *665 of Williams, 79 Abs 592). Matter of Nicoll v Nicoll is a determination by a California intermediate appellate court. The Ohio decision was rendered by a trial court and there was no appellate review. Both the California and Ohio courts reached the conclusion that the waiver by a spouse in a separation agreement of her rights to letters of administration is limited to her individual right, and does not extend to her status as the representative of an infant.
In this State, in Matter of Lindgren (293 NY 18), it was held by a divided Court of Appeals in a matter involving a contest for letters of administration that the fact that decedent’s purported wife was precluded in her individual capacity from attacking the validity of a foreign divorce decree, as the result of her appearance in that proceeding, did not serve upon the facts present in that matter as a preclusion to her attacking its validity as the representative of decedent’s infant daughter. It has also been held in this State with reference to the waiver of rights of inheritance by spouses in agreements relative to separation and termination of marriage that such waivers should be strictly construed and should be extended no further than the agreement clearly requires (Matter of Laney, 274 App Div 250, 252, affd 298 NY 834; Matter of Colad, 288 NY 158, 162).
The plea of respondent that upon her letters being revoked letters of administration should issue to the public administrator is not an acceptable alternative where the infant who is the sole distributee has a mother who is not otherwise ineligible to serve as fiduciary in a matter in which no one except her child has an interest. Respondent’s position would further lead to a result devoid of logic. The natural sequel to a holding that petitioner has waived her right to serve as administratrix in her capacity as guardian would be petitioner’s resignation as the infant’s guardian and the appointment as such guardian of a designee of petitioner who could then receive letters of administration. No useful purpose could be served by imposing upon the parties the necessity for such circuitous proceedings. It is also noted that respondent’s status in opposing petitioner’s appointment is that of a nonparty. Any person may bring to the attention of the court a reason why a party should not be appointed to serve as a fiduciary. However, had petitioner chosen to limit the instant application to the revocation of the letters of administration heretofore issued to decedent’s mother and after such revocation *666 sought the issuance of letters of administration to petitioner in a separate application, decedent’s mother, not being a distributee, would not even be a necessary party to the latter proceeding.
Giving due consideration to the equities and realities of the matter, the questionable status of respondent to even object to the appointment of petitioner, and the mandate contained in the laws of this State that a waiver of a right should be narrowly construed, I reach the same result as my learned brethren in the States of California and Ohio on similar states of fact. It is accordingly concluded that the waiver contained in the separation agreement executed by petitioner is limited to her in her individual status and does not preclude the issuance to her of limited letters of administration in her posture as the guardian of an infant distributee. Accordingly, it having been determined that the letters of administration heretofore issued to decedent’s mother be revoked, limited letters of administration shall issue to petitioner upon her duly qualifying as provided by law.