OPINION OF THE COURT
John D. Bennett, J.
Carol Armstrong died intestate on Juné 3, 1978 leaving assets of less than $5,000. Pursuant to SCPA article 13 decedent’s mother, Mrs. Sonia Kaprinski, applied for letters of voluntary administration for her daughter’s estate. The decedent’s sole distributees are her two children, both of whom are infants between the ages of 14 and 18. Decedent’s mother alleges that the whereabouts of the children’s father is unknown. Their mother and he were allegedly divorced in 1963. The issue presented in this case is whether decedent’s mother has a right to act as the voluntary administratrix of her daughter’s estate pursuant to SCPA 1303.
The Surrogate’s Court Procedure Act, providing for the settlement of small estates, defined as an estate valued at $5,000 or less (SCPA 1301, subd [1]), specifies the persons who may become voluntary administrators (SCPA 1303, subd [a]). *407 When the deceased dies intestate, the right to act as a voluntary administrator is first given to the surviving spouse; if there is no spouse or if the individual has renounced, then the right passes to the following people in order: to a competent adult who is a child or grandchild, parent, brother or sister of the decedent or if no such person will act, then to the guardian of the property of an infant (SCPA 1303, subd [a]).
In the formal administration of intestate estates only a distributee has the right to be granted letters of administration (SCPA 1001). SCPA 1303 does not initially provide as does SCPA 1001 that a person must be a distributee in order to act as voluntary administrator. However, a later clause following the list of eligible candidates provides as follows: "or if there are no known distributees within the categories listed above, then to the chief fiscal officer of the county”. (Italics supplied.) Similarly, the second sentence of SCPA 1303 (subd [a]) reads: "After the surviving spouse, the first distributee within the class of persons entitled * * * is authorized to act as voluntary administrator”. (Italics supplied.) It is clear from this language that a voluntary administrator is required to be a distributee in order to qualify.
In the formal administration of estates, an administrator is required to be an interested party in order to "bar disappointed relatives for whom no provision is made by the testator or the laws of intestacy from interference in an estate in which * * * they are * * * strangers.” (Matter of Murphy, 304 NY 232, 239.) And where an infant is the sole distributee, the guardian of the minor will be appointed over a parent (Matter of Porrata, 89 Misc 2d 663; Matter of Sinram, 140 NYS2d 786). This logic applies equally well to a voluntary administrator. Since the applicant is not the guardian of her grandchildren who were left as decedent’s sole distributees, she cannot be appointed voluntary administrator. Under normal circumstances, the father of the two infants would be appointed their guardian. However, petitioner alleges that he has abandoned his children. If he has in fact done so, he would be ineligible to receive letters of guardianship (SCPA 1705, subd 2). However, he should be given an opportunity to be heard on this charge upon due notice to him (Matter of Thorne, 240 NY 444; Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 1705). The petitioner is accordingly directed to commence a proceeding for the appointment of a guardian for the children.