*In re* MARRIAGE OF KANDYCE L. SWEDERS, n/k/a Kandyce L. De Witt, Petitioner-Appellant, and PETER A.P. SWEDERS, SR., Respondent-Appellee.

Second District   No. 3—97—0528

Opinion filed May 21, 1998.—Rehearing denied June 25, 1998.

John R. Wimmer, of Downers Grove, for appellant.

Lyle B. Haskin and Dolores A. Timko, both of Lyle B. Haskin & Associates, of Wheaton, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The petitioner appeals the trial court's decision ordering her to pay child support for her son, Adam Kane Sweders, until he reaches the age of 22 or otherwise becomes emancipated under the terms of

the marital settlement agreement entered in the original judgment of dissolution. We affirm.

The petitioner, Kandyce L. Sweders (Wife), and the respondent, Peter A.P. Sweders (Husband), married on August 7, 1970. Three children were born to the parties during the marriage: Peter August Sweders, Jr. (April 13, 1974), Todd Andrew Sweders (November 1, 1975), and Adam Kane Sweders (July 6, 1979). On April 8, 1982, a judgment for dissolution of marriage was entered by the circuit court of Cook County, Illinois. The judgment was subsequently entered in Du Page County. The judgment incorporated a settlement agreement entered into by the parties. The agreement provided, *inter alia*, that "the care, custody, control[,] and education of the children shall be with the Wife." The parties also agreed that the Husband would pay the Wife $2,000 a month "for support and maintenance of the Wife and the children." The settlement agreement included the following provision regarding support payments:

"3.02 Upon the occurrence of any of the following conditions, the monthly payment shall be reduced in the amount hereinafter set forth:

a. In the event that the Wife should remarry, then the monthly payment will be reduced by $500.

b. If custody of any of the children shall change to the Husband, then the monthly payment shall be reduced by $333.33 for each such child.

c. If the Husband shall have custody of all of the children at any time and more than five years have passed since the entry of the judgment of dissolution, then all payment shall cease.

\*\*\*

e. When a child becomes emancipated then the monthly payment shall be reduced by $333.33 for each such child.

f. When all of the children become emancipated, then all payment shall cease; provided, however, that if the Wife has not remarried, the monthly payments shall be at least $1,000 for five years after the entry of the judgment of dissolution."

The agreement contained the following provision regarding the emancipation of the children:

"3.03 A child shall be deemed to be emancipated on the first to occur of any of the following events:

a. *The child's reaching majority or completing his education, whichever is later but not beyond age 22*;

b. The child's marriage;

c. The child's having a permanent residence away from the permanent residence of the Wife (a residence at school is not a permanent residence[)];

d. The child's death;

e. Upon entering any military type service." (Emphasis added.)
The agreement contained the following provision regarding the post-high school education of the children:

"3.06 The Husband and Wife shall pay for the trade school, college and professional school education expenses of the children. Education expenses shall include but not be limited to tuition, room and board, books, supplies, registration and other required fees, utilities, social dues and transportation expenses. The Husband's and Wife's obligations hereunder are conditioned on their financial ability to pay. Decisions affecting the education of each child, including the choice of school, shall be made jointly by the parties, who shall consider the expressed preference of the child."

The Husband's child support obligation was modified on April 30, 1985, and again on July 17, 1987. However, the agreed order of July 16, 1987, stated that "all other terms of the Judgment for Dissolution of Marriage shall remain in full force and effect."

On May 21, 1996, the trial court entered another agreed order, which awarded custody of the youngest child, Adam, to the Husband and terminated child support for all three children. On February 4, 1997, the trial court entered an agreed order directing the Wife to pay the Husband $598.38 per month for child support for Adam. The termination date was reserved for a subsequent hearing.

After a hearing on February 27, 1997, the trial court found that, absent an earlier termination date due to the emancipation of Adam under the terms of the agreement, the Wife's obligation to pay child support for Adam would continue until he reached the age of 22 or otherwise became emancipated under the terms of the marital settlement agreement. The trial court reasoned that it was obligated to follow the provision regarding emancipation set forth in the agreement because the agreement was incorporated in the original judgment for dissolution of marriage. The trial court denied the Wife's motion for reconsideration. The Wife appealed both decisions.

On appeal, the Wife does not challenge the trial court's order requiring the Wife to pay child support. She argues only that the trial court erred in ordering her to pay child support for Adam until he reaches the age of 22 or otherwise becomes emancipated under the terms of the agreement. The Wife claims that she did not agree to pay child support beyond the age of majority, that is, beyond the age of 18. The Husband claims that the termination of child support is controlled by the marital settlement agreement that was incorporated in the original judgment. The Husband claims that the trial court properly applied the agreement. We agree with the Husband.

■ Section 510(d) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/510(d) (West 1996)), which controls the termination of child support, provides:

> "Unless otherwise agreed in writing or expressly provided in a judgment, provisions for the support of a child are terminated by emancipation of the child[.]" 750 ILCS 5/510(d) (West 1996).

Generally, a child becomes emancipated when he reaches the age of 18, at which time the child attains majority. *In re Marriage of Ferraro*, 211 Ill. App. 3d 797, 799-800 (1991). Thus, we must determine whether the parties agreed to a different termination time than that set forth in section 510(d) of the Marriage Act.

■ The general rules of contract interpretation apply to marital settlement agreements. *In re Marriage of Frain*, 258 Ill. App. 3d 475, 478 (1994). In interpreting a contract, a court must ascertain and give effect to the intent of the parties. *Frain*, 258 Ill. App. 3d at 478. The language of the contract is the best indication of the parties' intent. *Frain*, 258 Ill. App. 3d at 478. Thus, where the terms of a contract are clear and unambiguous, a court must give the terms their ordinary and natural meaning. *Frain*, 258 Ill. App. 3d at 478. The interpretation of a marital settlement agreement is a question of law. *In re Estate of Braun*, 222 Ill. App. 3d 178, 184 (1991).

■ The Wife does not claim that the terms of the contract are ambiguous. Rather, she argues that the definition of the term "emancipated" contained in the marital settlement agreement applies only to the Husband and not to her. However, it is uncontroverted that the agreement does not expressly contain this limitation. A strong presumption exists against provisions that could easily have been included in the agreement but were not. *Prime Group, Inc. v. Northern Trust Co.*, 215 Ill. App. 3d 1065, 1069 (1991). The agreement contains a section that addresses the issue of support that is to be paid by the Husband. Then, in a separate section, without mention of either party, the agreement defines the term "emancipated." Because the agreement does not limit the definition of the term to the Husband only and the Wife has failed to overcome the presumption against the inclusion of this limitation, the Wife's argument fails. See *Prime Group, Inc.*, 215 Ill. App. 3d at 1069.

Assuming, *arguendo*, the agreement is susceptible to the Wife's interpretation, her interpretation cannot prevail. This court recently restated the following well-settled principle:

> "[T]o the extent that a contract is susceptible of two interpretations, one of which makes it fair, customary, and such as prudent persons would naturally execute, while the other makes it inequitable, unusual, or such as reasonable persons would not be likely

to enter into, the interpretation which makes a rational and probable agreement must be preferred." *Foxfield Realty, Inc. v. Kubala*, 287 Ill. App. 3d 519, 524 (1997).

The Wife urges this court to hold that the definition of a term contained in the marital settlement agreement applies only to the Husband, absent an express provision expressing such intent. This interpretation would clearly result in an unusual, unreasonable, absurd, and inequitable result, inconsistent with a child's right to support from both parents. See *In re Marriage of Maczko*, 263 Ill. App. 3d 991, 994 (1992). Thus, we determine that the trial court properly rejected the Wife's interpretation and ordered the Wife to pay child support until Adam graduates from college or otherwise becomes emancipated under the terms of the marital settlement agreement.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER, P.J., and INGLIS, J., concur.